UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2013

LETTER TO COUNSEL

    RE:    *Cynthia Hammond v. Commissioner, Social Security Administration*;
              Civil No. SAG-10-0499

Dear Counsel:

    On March 2, 2010, the Plaintiff, Cynthia Hammond, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). I have considered the parties' cross-motions for summary judgment and I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Hammond applied for SSI and DIB on April 3, 2007, alleging disability commencing March 27, 2007 due to arthritis, asthma, diabetes, and hypertension. (Tr. 98-100, 106-08, 121). Ms. Hammond's claims were denied initially and upon reconsideration. (Tr. 54-56, 61-64). Ms. Hammond appeared with counsel and testified at an administrative hearing on June 12, 2009 before the Honorable William Clark, Administrative Law Judge ("ALJ"). (Tr. 8-26). On June 30, 2009, the ALJ issued a written decision denying Ms. Hammond's claims for benefits. (Tr. 44-52). On January 4, 2010, the Appeals Council declined Ms. Hammond's request for review, (Tr. 1-4), rendering the ALJ's decision the final, reviewable decision of the Commissioner.

    The ALJ found that Ms. Hammond suffered from severe impairments, including asthma, diabetes mellitus, degenerative disc disease, degenerative joint disease, obesity, and hypertension (Tr. 46). Nevertheless, the ALJ found that Ms. Hammond has the residual functional capacity ("RFC") to perform light work, except that she requires a sit/stand option at will, with no more than occasional climbing of stairs and ramps, crouching, kneeling, and stooping, and she can never climb ladders, ropes, or scaffolds. (Tr. 47). Based upon vocational expert ("VE") testimony, the ALJ determined that Ms. Hammond could not perform her past relevant work, but could perform other jobs that exist in significant numbers in the national economy. (Tr. 50-51).

    Ms. Hammond claims that the ALJ erred in two ways. First, Ms. Hammond alleges that the ALJ failed to properly assess her limitations in his RFC assessment as required pursuant to SSR 96-8p, by failing to include any limitation related to asthma and by failing to include any durational limitation upon her abilities to stand and walk. Pl. Mot. 3-9. Second, Ms. Hammond argues that the ALJ failed to properly consider her obesity in connection with her other impairments. Pl. Mot. 9-14. For the reasons that follow, both arguments lack merit.

*Cynthia Hammond v. Commissioner, Social Security Administration*
Civil No. SAG-10-0499
January 9, 2013
Page 2

### 1. The ALJ Properly Assessed Ms. Hammond's RFC.

Ms. Hammond argues that the ALJ's RFC assessment does not address all of her limitations, specifically relating to her asthma and her ability to walk. Pl. Mot. 3-9. She first contends that because the ALJ found her asthma to be a severe impairment at step two, he was required to reduce Ms. Hammond's RFC at steps four and five and to include environmental limitations related to her asthma attacks in his RFC assessment. Pl. Mot. 6-7. Second, Ms. Hammond alleges that the ALJ's sit/stand option at will, included in the RFC assessment, does not address the total amount of time that she would be able to stand in an eight-hour day, and it places no limitation upon her ability to walk. Pl. Mot. 8. After careful review of the ALJ's analysis, these contentions are without merit, as the ALJ cited substantial evidence to support his overall findings.

Contrary to Ms. Hammond's assertions, the ALJ explicitly considered Ms. Hammond's asthma in assessing her RFC. (Tr. 49). The ALJ found that although Ms. Hammond stated that she was prescribed prednisone to aid with her asthma attacks, recurrent prescriptions for prednisone are not prominent in her prescription history, indicating that her severe attacks are infrequent. (Tr. 49). Additionally, the ALJ noted that Ms. Hammond's asthma exacerbations "tend to include an element of noncompliance in that the claimant does not always use her bronchodilator inhalers." (Tr. 47, n.1; *see also* Tr. 203).

Ms. Hammond's attempt to conflate step two with steps four and five reflects a fundamental misunderstanding of the sequential evaluation process. A "severe" impairment does not necessarily reduce the RFC because the Regulations require the evaluative steps to be performed sequentially, each step serving as a prerequisite to the next. *See* 20 C.F.R. § 404.1520(4), 416.920(4). The "severe impairment" determination is designed to identify "at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984); *see also Albright v. Comm'r of Soc. Sec.*, 174 F.3d 473, 474 n.1 (4th Cir. 1999) (holding that finding a "severe impairment" at step two is not "a difficult hurdle to clear"); SSR 85-28, 1985 WL 56856, at *3. In short, the two-step inquiry serves as a *de minimis* screening device to dispose of meritless claims. *Newell v. Comm'r*, 347 F.3d 541, 546 (3d Cir. 2003).

Ms. Hammond also argues that the ALJ failed to account for environmental limitations related to her asthma. Pl. Mot. 6-8. However, there is substantial evidence in the record supporting the ALJ's decision that Ms. Hammond's RFC should not be reduced by environmental factors. (Tr. 19). First, both of the state agency medical consultants who examined Ms. Hammond considered her asthma and found no environmental limitations. (Tr. 49, 181, 184, 188, 193). Second, the ALJ properly recognized Ms. Hammond's failure to follow her asthma treatment plan, after Ms. Hammond admitted to not using her prescribed inhaler. (Tr. 47, n.1, 203). *See* SSR 96-7p, 1996 WL 374186; *see also English v. Shalala*, 10 F.3d 1080, 1084 (4th Cir. 1993) (failure to take prescribed medication cited as a factor in discrediting a claimant's testimony) (remanded on other grounds). Third, Ms. Hammond's current prescription regimen

appears to be controlling her asthma symptoms effectively, because she specifically reported that she "feels much better since taking oral steroids" and has "no further exacerbation and less coughing since starting on the bronchodilator." (Tr. 261, 299, 345). The Fourth Circuit has held that if a symptom reasonably can be controlled by medication or treatment, it is not disabling. *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). Finally, Ms. Hammond's allegations are inconsistent with the evidence presented in the record. Ms. Hammond testified that emotions, exertion, temperature, pollen, dust, paint, bleach, and tar cause her to have asthma attacks. (Tr. 19). However, a review of the incidents when Ms. Hammond sought medical treatment reveals that she only once attributed her respiratory complaints to an environmental factor when she said she had, "a non-productive cough . . . aggravated by dust." (Tr. 203, 217).

There is no evidence in the record demonstrating that Ms. Hammond's asthma is impacted significantly by environmental conditions. Ms. Hammond reported that she cooks, cleans and shops for one to two hours at a time, presumably being exposed to temperature changes, bleach, other household cleaners, and indoor and outdoor allergens, without reporting any respiratory problems. (Tr. 141). Further, the record is replete with doctors' notes advising Ms. Hammond to quit smoking, yet she disregarded and ignored all of these warnings. (Tr. 26-27). This Court has held that an ALJ may consider a claimant's "failure to stop smoking in determining credibility when medical evidence shows that doctors recommended smoking cessation and that smoking impacted conditions . . . " *Collison v. Astrue*, No. PWG-08-234, 2009 WL 3216658, at *3 (D. Md. Sept. 30, 2009) (citing *Mouser v. Astrue*, 545 F.3d 634 (8th Cir. 2008)). This evidence supports the ALJ's finding that Ms. Hammond's residual abilities are not reduced by environmental limitations.[1]

Ms. Hammond's next argument, regarding the ALJ's purported failure to include any durational limitation upon her abilities to stand and walk, is similarly deficient. Ms. Hammond concedes that the ALJ did include a sit/stand option at will, however she contends that this restriction does not address the total amount of time she would be able to stand in an eight-hour day. Pl. Mot. 8. Ms. Hammond overlooks the fact that this option affords her the greatest possible latitude in accommodating her own standing and walking limitations. Paramount to the ALJ's decision is the fact that Ms. Hammond is given the option to sit or stand at any point during the work day, whenever she chooses to do so. Thus, Ms. Hammond's argument is without merit, and the ALJ's conclusions are supported by substantial evidence.

## 2. The ALJ Properly Considered Ms. Hammond's Obesity.

Ms. Hammond next argues that the ALJ determined that her obesity was a severe impairment only at step two of the sequential evaluation process. Pl. Mot. 9-14. Ms. Hammond submits that regulations require that the ALJ consider her obesity in all five steps of the process, in combination with her other impairments.

Contrary to Ms. Hammond's assertions, the ALJ considered and fully accommodated her obesity in conjunction with her other related impairments when he assessed her RFC and

---

[1] The ALJ's inclusion of certain environmental limitations in his hypothetical to the VE, then, was unnecessary. However, it provides no basis for remand because any effect on the VE's testimony would favor Ms. Hammond.

subsequently determined that she could perform a reduced range of light work with a sit/stand option at will. (Tr. 47). Moreover, the record supports the ALJ's conclusion that Ms. Hammond's obesity did not adversely affect her functioning. The claimant carries the burden of showing how her obesity affected her ability to perform work-related functions. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (finding that the applicant bears the burden of production and of proof during the first four steps of the inquiry). Here, Ms. Hammond was unable to provide support for – or even identify – how her obesity limited her to a greater extent than the ALJ found. She therefore failed to carry her burden. *See Brown v. Astrue*, No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, Brown has shown no basis for remand."). Ms. Hammond's range of daily activities evidences her ability to perform a reduced range of light work, as she reported cleaning, cooking and shopping regularly, in addition to climbing multiple sets of steps in and around her house. (Tr. 21, 141-43). The medical reports of Dr. Hakkarinen also show that Ms. Hammond has no significant limitation due to obesity, and that she is capable of a reduced range of light work. (Tr. 181-86). Thus, the ALJ's consideration of Ms. Hammond's obesity and cumulative impairments is supported by substantial evidence.

For the reasons set forth herein, the Plaintiff's motion for summary judgment (ECF No. 17) will be DENIED and Defendant's motion for summary judgment (ECF No. 28) will be GRANTED.  The Clerk is directed to close this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                    Sincerely yours,

                                    /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge